COURT OF APPEALS
DECISION
DATED AND FILED

August 25, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP55-CR**

Cir. Ct. No. **2017CT296**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-APPELLANT,

 V.

ROBERT J. BAUR,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Portage County: ROBERT J. SHANNON, Judge. *Reversed and cause remanded for further proceedings.*

¶1    GRAHAM, J.[1]  The State appeals a circuit court order providing that the State may not use one of Robert Baur's prior convictions for operating a

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version.

motor vehicle while intoxicated (OWI) for charging and sentencing purposes in his current OWI case.[2] During the pendency of this appeal, the Wisconsin Supreme Court issued an opinion in **State v. Clark**, 2022 WI 21, 401 Wis. 2d 344, 972 N.W.2d 533, which addresses the same issues raised in this case. Based on **Clark**, which is dispositive of the issues in this case, I reverse the circuit court order and remand for proceedings consistent with this opinion.

¶2 This case arises out of Baur's 2017 arrest for OWI. At the time of his arrest, he had two prior OWI convictions, the first from 1990 and the second from 1995. A defendant charged with OWI faces an escalating set of penalties depending on the defendant's number of prior OWI convictions. **Clark**, 401 Wis. 2d 344, ¶1; *see also* WIS. STAT. § 343.307(1); WIS. STAT. § 346.65(2)(am). If both of Baur's prior convictions are counted under § 343.307(1), his current charge will be considered his third OWI offense, and he will be subject to the penalties that come with a third such offense under § 346.65(2)(am).

¶3 Following a series of pretrial conferences and adjournments, Baur filed a motion collaterally attacking his second OWI conviction, which arose out of a 1995 arrest in Kenosha County. Baur argued that the 1995 conviction could not be counted under WIS. STAT. § 343.307(1) because Baur had not validly waived his right to counsel to assist him in that case. *See* **Clark**, 401 Wis. 2d 344, ¶1 ("a defendant may challenge a prior conviction—known as a collateral attack—when the defendant was not represented [by counsel] and did not knowingly, intelligently, and voluntarily waive the right to counsel").

---

[2] I granted leave to appeal the order. *See* WIS. STAT. RULE 809.50(3).

¶4      Baur submitted an affidavit alongside his motion in which he made the following averments. Baur had not been represented by counsel in the 1995 case and, in 1995, he was not familiar with how an attorney could render assistance to him in an OWI matter. At the time of his court appearance, the prosecutor offered Baur a plea deal, which he accepted. During the plea hearing that followed, the judge did not inform Baur that an attorney would have been able to ascertain whether other defenses existed in the case that might have resulted in a reduced charge or acquittal, or that an attorney could engage in negotiations on his behalf. Baur averred:

> Based upon my conversation with the prosecutor, I believed there was nothing an attorney could accomplish in the case as I had already worked out a resolution of the matter…. Had I known an attorney could have assisted me beyond what I had already discussed with the prosecutor, I would have sought a lawyer to assist me.

¶5      To support his motion, Baur cited *State v. Klessig*, 211 Wis. 2d 194, 564 N.W.2d 716 (1997), which requires that waivers of counsel be conducted on the record to help ensure that they are knowing, voluntary, and intelligent. *Klessig*, 211 Wis. 2d at 206-07. It is undisputed that the record from Baur's 1995 conviction does not currently exist, and, therefore, there is no documentary evidence such as a signed written waiver or a transcript of any of the proceedings from the 1995 case.[3]

¶6      Baur also cited *State v. Ernst*, 2005 WI 107, 283 Wis. 2d 300, 699 N.W.2d 92, which sets forth a procedure for collaterally attacking a prior

---

[3] There was no evidence presented in the circuit court about why the record from the 1995 conviction has not been preserved. *See State v. Clark*, 2022 WI 21, ¶5 n.3, 401 Wis. 2d 344, 972 N.W.2d 533 (citing SCR 72.01, which provides document retention policies for Wisconsin courts); *id.*, ¶18 n.13 (declining to address situations involving misconduct).

conviction. First, the defendant must make a prima facie case that the defendant did not validly waive the right to counsel in the prior case. ***Ernst***, 283 Wis. 2d 300, ¶25. If the defendant makes a prima facie case, the burden shifts to the State to prove by clear and convincing evidence that the defendant's waiver was knowing, voluntary, and intelligent. ***Id.***, ¶27. At the time Baur's motion was filed, the burden-shifting procedure applied in all cases, whether there was or was not a transcript of the prior proceeding. ***Clark***, 401 Wis. 2d 344, ¶17 (citing ***State v. Bohlinger***, 2013 WI App 39, ¶¶16, 20-21, 346 Wis. 2d 549, 828 N.W.2d 900, abrogated by ***Clark***).

¶7 The circuit court scheduled an evidentiary hearing on Baur's motion. During the hearing, the parties disputed which side—Baur or the State—had the burden of proof. The court determined that Baur's affidavit was sufficient to make a prima facie showing that he had not validly waived his right to counsel in the 1995 case, and therefore, the burden of proof shifted to the State. The court acknowledged that the State had preserved its argument about the burden of proof, which advocated for a change in that law. However, as the court explained, "[w]hether or not the burden as it currently exists … is fairly placed upon the [S]tate" was not a decision for the circuit court to make. And the court predicted, "we'll see what the appellate courts do under circumstances such as is presented by this case …."

¶8 The State presented its case, calling Baur adversely as its sole witness. Baur testified as follows. He was convicted of his first OWI in Brown County in 1990, and he had an attorney in that case. He was convicted of his second OWI—the one he is collaterally attacking—in Kenosha County in 1995. He did not retain an attorney in that case because he "didn't at that point feel [he] needed one." As Baur explained, retaining an attorney for his first offense in 1990

4

had "cost [him] money" and, when he was charged again in 1995, he "wasn't sure if it would have made a difference or not." Baur acknowledged that, at the time, he "didn't feel there was value" in hiring an attorney. He confirmed that he met with the prosecutor, the prosecutor offered him a plea agreement, and he accepted it. He had a plea hearing in front of a judge which was "pretty quick," "basically in and out." Baur recalled some talk about his rights but did not "recall everything that was discussed in it." Baur testified: "I guess if it was pointed out to me that it was—I would be better off getting an attorney to fight this, I think I would have probably took that advice and tried to pursue counsel on this."

¶9     No exhibits were offered into evidence at the hearing.

¶10    In his closing argument, Baur's attorney argued that Baur's lack of recollection of being advised of his rights suggested that he had not been so advised, and that the State did not overcome its burden to show otherwise. The State argued that Baur's lack of memory about the plea colloquy was insufficient to shift the burden to the State. It also argued that, even if the State bore the burden of proof, Baur's testimony showed that he made a conscious and informed decision to not retain a lawyer in the 1995 case.

¶11    Having determined that the State had the burden to prove that Baur made a knowing, voluntary, and intelligent waiver of counsel in the 1995 case, the circuit court further determined that the State had not satisfied its burden. As it explained, its decision was based on the absence of evidence and the burden of proof:

> There is no way here for either the [S]tate or the court to determine … what happened here 25 years ago [in 1995]. Mr. Baur has filed an affidavit and has testified to the best of his recollection and knowledge what happened there.

> And as the only party present at that proceeding in Kenosha County, that's the evidence that we have. And there is a presumption [under current law] of nonwaiver [of the right to be represented by counsel] where the record is devoid of any reference to the specific details occurring during that hearing.
>
> [B]ased on the affidavit and Mr. Baur's testimony, the court is not satisfied that it can determine that he made a knowing, voluntary, and intelligent waiver of his right to be represented by counsel.…
>
> [T]here's simply no basis for the court to make any informed judgment on what he was or was not told at the time of this plea and sentencing beyond what he has already averred in his affidavit and his testimony.
>
> So the court notes that the burden of the [S]tate, based on the prima facie showing is to overcome the presumption of nonwaiver clearly and convincingly. Under these circumstances, that is … an extremely difficult burden for the [S]tate. And whether that's fair or not under those circumstances, I leave to another court.
>
> I apply the law as it exists now. In doing so, [I] am required on this record to grant the motion.

The court entered a written order providing that the 1995 conviction "may not be used for charging and sentencing enhancement purposes in the present case."

¶12    The State sought leave to file an appeal, which I granted. At Baur's request, I stayed briefing in light of the *Clark* matter, which was pending before our supreme court and presented similar issues. The *Clark* opinion was issued in April 2022 and changed the pertinent law in a manner that is dispositive of the State's appeal in this case. Accordingly, I describe the facts and holding of *Clark*, and I then address Baur's argument that *Clark* is distinguishable from his case.

¶13    In *Clark*, 401 Wis. 2d 344, ¶4, the defendant was charged with a fourth-offense OWI and sought to collaterally attack two of her prior convictions. As with this case, there were no transcripts in existence from Clark's prior cases.

6

*Id.*, ¶5. According to Clark's affidavit, she had been unrepresented by counsel in the prior cases and the circuit courts in those cases had not conducted any colloquy with her regarding the difficulties and dangers of proceeding pro se. *Id.*, ¶4. This showing was sufficient to make a prima facie case, and the burden shifted to the State to demonstrate that Clark had knowingly, voluntarily, and intelligently waived her right to counsel. At the hearing, the sole evidence the State was able to present were minutes sheets with boxes checked indicating "Def. advised of his [sic] right to attorney/constitutional rights." *Id.*, ¶6. The circuit court expressed skepticism about Clark's testimony, and it indicated that Clark's credibility was "somewhat lacking." *Id.*, ¶7. It nevertheless determined that it had "no choice but to grant Clark's motion" because the burden of proof had shifted to the State, and the State's evidence was insufficient to meet its burden. *Id.*

¶14 On appeal, our supreme court determined that the burden-shifting procedure from *Ernst* does not apply when the relevant hearing transcript from a prior conviction is unavailable. *Id.*, ¶2. Under such circumstances, the burden never shifts to the State, and "the defendant retains the burden to demonstrate the right to counsel was violated." *Id.* To satisfy that burden, the defendant must show that they did not knowingly, intelligently, and voluntarily waive their right to counsel in the prior case. *Id.*, ¶¶1-3.

¶15 In Baur's response brief, which was submitted after *Clark* was issued, Baur acknowledges that, following *Clark*, the burden of proof remains with him given the absence of a transcript from his 1995 case. However, he argues that his affidavit and testimony at the evidentiary hearing satisfied his burden. He attempts to distinguish *Clark* by pointing out that, unlike in *Clark*, the circuit court in this case did not express any skepticism about Baur's testimony. He further argues that the court's comments at the end of the hearing amount to a

"finding" by the court that he was not advised of his rights in the 1995 case. Because there is nothing in the record to contradict that "finding," Baur contends that it is not clearly erroneous and that I should affirm.

¶16 I disagree with Baur's argument for at least two reasons.

¶17 First, Baur's argument takes aim at the wrong target. Specifically, Baur argues that the circuit court found that he credibly testified that there was a deficiency in the plea colloquy in the 1995 case because the judge did not advise him of his right to counsel. But even if the judge failed to advise him of his right to counsel, that would establish only that the plea colloquy was deficient and would not satisfy his burden of proof in this case. Here, the ultimate question is whether Baur knowingly, voluntarily, and intelligently waived his right to counsel, and a knowing, voluntary, and intelligent waiver can take place even if no colloquy was given. *See **Clark***, 401 Wis. 2d 344, ¶11 (stating that the colloquy required by ***Klessig*** is not required by the constitution itself, and is instead "a court made procedural rule" to protect the constitutional right to counsel). Accordingly, even if credited, Baur's testimony that there was no colloquy is not dispositive.

¶18 Second, the circuit court's comments clearly reflect that the court was basing its decision on its understanding—correct at the time—that the State bore the burden of proof by clear and convincing evidence. *See **Ernst***, 283 Wis. 2d 300, ¶27. For example, the court expressly relied on the "presumption of nonwaiver [of the right to be represented by counsel] where the record is devoid of any reference to the specific details occurring during that hearing." Any determination by the circuit court that the State failed to satisfy its pre-***Clark*** burden of proof cannot be read as a determination that Baur satisfied his post-***Clark*** burden of proof.

¶19    In the alternative, Baur requests that, "at a minimum, his case be remanded to the circuit court for a rehearing on his motion." I conclude that a remand for that purpose is appropriate.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.